**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREDERIQUE LEVY AS LIQUIDATOR FOR GETMA INTERNATIONAL, NECOTRANS HOLDING, GETMA INTERNATIONAL INVESTISSEMENTS, AND NCT INFRASTRUCTURE & LOGISTIQUE, MJA Selafa 102 rue du faubourg Saint-Denis 75010 Paris, France, AND  XAVIER BROUARD AS LIQUIDATOR FOR GETMA INTERNATIONAL, NECOTRANS HOLDING, GETMA INTERNATIONAL INVESTISSEMENTS, AND NCT INFRASTRUCTURE & LOGISTIQUE, SCP Brouard Daudé 34 rue Sainte-Anne 75001 Paris, France,  Petitioners,  v.  THE REPUBLIC OF GUINEA, Minister of State in Charge of Foreign Affairs and Guineans Abroad The Ministry of State in Charge of Foreign Affairs and Guineans Abroad Quartier Almamya Face Port Autonome de Conakry Commune de Kaloum B.P. 2519 Conakry, Republic of Guinea,  Respondent. | Civil Action No. _____   **PETITION TO ENFORCE ARBITRAL AWARD** |

For their Petition, Mme. Frederique Levy and M. Xavier Brouard ("Petitioners") as Liquidators of Getma International, Nectorans Holding, Getma International Investissements, and NCT Infrastructure & Logistique (together, the "Getma Entities"), by and through the undersigned counsel states as follows:

## NATURE OF THE ACTION

1. Petitioners bring this action to enforce an arbitral award (the "Award") of $841,886.18 in U.S. Dollars ("USD") plus interest issued in the International Centre for the Settlement of Investment Disputes ("ICSID") Case No. ARB/11/29 against Respondent, the Republic of Guinea ("Guinea"). A true and correct copy of the Award translated to English is attached as Exhibit 1 to the Declaration of Daniel Morris ("Morris Decl."), which is filed herewith. A true and correct copy of the Award as originally issued in French is attached as Exhibit 2 to the Morris Decl.

2. The Award was rendered in Getma Entities' favor following arbitration proceedings conducted in accordance with the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"). The Award imposed pecuniary obligations on Guinea as follows:

    a. $278,246.18 to indemnify the Getma Entities for the prejudice linked to crisis management[1] (*id.* ¶ 431; § IX(E));

---

[1] The Award sentenced Guinea to pay €248,834. To convert €248,834 to $278,246.18, we applied the exchange rate of 1.1182, the Euro-to-U.S. Dollar currency exchange rate as of August 16, 2016, the date of the Award.

      b.      $223,640 to indemnify the Getma Entities for the prejudice linked to the non-restitution of a portion of the requisitioned goods (the "Non-Restitution")[2,3] (*id.* ¶ 448-49; § IX(F));

      c.      Interest capitalized annually on the foregoing amounts accruing from March 8, 2011 until September 30, 2013[4] and from June 17, 2014 up to the date of effective full payment[5], which totals over $374,764.91 as of the date of the filing of this Petition (*id.* ¶ 465; § IX(G)); and

      d.      $340,000 to compensate the Getma Entities for 40% of the cost of arbitration. *Id.* ¶ 478; § IX(H).

---

[2] The award sentenced Guinea to pay €200,000. To convert €200,000 to $223,640, we applied the exchange rate of 1.1182, the Euro-to-U.S. Dollar currency exchange rate as of August 16, 2016, the date of the Award.

[3] In a separate proceeding before the OHADA Court of Justice and Arbitration (the "CCJA"), the CCJA awarded the amount of €210,070 ($234,900.27 USD). Thus, the Award also held that "if Petitioner obtains, notwithstanding its annulment, the enforcement of the CCJA award and the payment of €210,070 which the CCJA Tribunal awarded to it for the same prejudice, the amount already received for this prejudice will be deducted from the amount awarded here in the same capacity." Award at § IX(F). To date, pursuant to a Judgment from the Court of Appeals of Paris dated January 10, 2019, Petitioners have garnished and received payment of €165,517 out of a total €41,447,616.62 CCJA award (the "CCJA Award"). Petitioners contend that the €165,517 payment is attributable to portions of the CCJA Award not pertaining to the Non-Restitution, such that there is no double-recovery here.

A true and correct copy of the June 13, 2014 Letter from counsel for Getma International to counsel for Republic of Guinea demonstrating a request for payment of the CCJA Award is attached as Exhibit 3 to the Morris Decl. A true and correct copy of the June 16, 2014 Letter from counsel for Republic of Guinea to counsel for Getma International confirming receipt of the June 13, 2014 Letter is attached as Exhibit 4 to the Morris Decl. A true and correct copy of the January 10, 2019 Judgment from the Court of Appeals of Paris is attached as Exhibit 5 to the Morris Decl.

[4] 8.7% per annum interest capitalized annually on $501,886.18 from March 8, 2011 until September 30, 2013 totals $120,103.38.

[5] 8.7% per annum interest capitalized annually on $501,886.18 from June 17, 2014 to the date of this filing (August 1, 2019) totals $254,661.52.

3. To date, Guinea has not paid any portion of the Award.[6]

4. Pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, arbitral awards issued under the ICSID Convention are not subject to collateral attack and must be enforced in the same manner and given the same full faith and credit as if the award were a final judgment of a court in the United States.

5. Accordingly, Petitioners request that this Court: (i) enter an order enforcing the Award in the same manner as a final judgment issued by a court in the United States, (ii) enter judgment in Petitioners' favor in the amount of $841,886.18 USD, together with interest from March 8, 2011 until September 30, 2013 and from June 17, 2014 up to the date of effective full payment at the rate of 8.7% per annum, capitalized annually on the amount of $501,886.18; and (iii) awarding Petitioners such other and further relief as this Court may find just and proper.

## THE PARTIES

6. Petitioners are the Liquidators of Necotrans Holding (f/k/a NCT Necotrans) and its wholly-owned subsidiaries Getma International and NCT Infrastructure & Logistique. Petitioners are also the Liquidators of Getma International Investissements, a wholly-owned joint subsidiary of Getma International and Necotrans Holding. Currently, all four Getma Entities are in liquidation proceedings pursuant to a judgment issued by the Commercial Court of Paris dated September 12, 2017. Pursuant to L.L. 641-4 and 622-20 of the French Commercial Code, Petitioners have the sole standing to act in the name and collective interest of the Getma Entities.

7. By an Order dated December 11, 2018, the Commercial Court of Paris authorized Dentons US LLP to act in a recovery action against Guinea.

---

[6] *See supra* n.3.

8. Petitioner Frederique Levy is an Administrator with MJA Selafa, which has its offices at 102 rue du faubourg Saint-Denis, 75010 Paris, France.

9. Petitioner Xavier Brouard is an Administrator with SCP Brouard Daudé, which has its offices at 34 rue Sainte-Anne 75001 Paris, France.

10. Necotrans Holding is a French simplified joint stock company with registered offices at 40 avenue Georges V, 75008 Paris.

11. Getma International is a French simplified joint stock company, with registered offices at 66 rue Pierre Charron, 75008 Paris. Getma International is a wholly-owned subsidiary of Necotrans Holding.

12. Getma International Investissements is a French simplified joint stock company with registered offices at 66 rue Pierre Charron, 75008 Paris. On October 31, 2008, Getma International and Necotrans Holding created a joint subsidiary in Paris, Getma International Investissements, registered on November 13, 2008. Award ¶ 52.

13. NCT Infrastructure & Logistique is a French simplified joint stock company with registered offices at 66 rue Pierre Charron, 75008 Paris. NCT Infrastructure and Logistique is a subsidiary of Necotrans Holding created to specialize in "infrastructure such as they are to be found in the port and railroad domains, but also concerning mining or oil logistics." *Id.* ¶¶ 270-271.

14. Respondent Guinea is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), and 1602-11. Guinea signed the ICSID Convention on August 27, 1968 and deposited its instrument of ratification on November 4, 1968. The ICSID Convention entered into force for Guinea on December 4, 1968.[7]

---

[7] Pursuant to Article 28(2) of the Investment Code of the Republic of Guinea,

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action under the FSIA because this action is a "nonjury civil action against a foreign state" on a claim "with respect to which the foreign state is not entitled to immunity" under the FSIA. 28 U.S.C. § 1330(a).

16. Pursuant to Section 1605(a)(1) of the FSIA, Guinea is not entitled to immunity from this Court's jurisdiction in an action to enforce an award issued pursuant to the ICSID Convention because Guinea has waived any such immunity by agreeing to the ICSID Convention. *See Blue Ridge Investments, L.L.C. v. Republic of Argentina*, 735 F.3d 72, 84 (2d Cir. 2013) (holding that foreign country waives sovereign immunity under the FSIA "by becoming a party to the ICSID Convention").

17. Further, pursuant to Section 1605(a)(6) of the FSIA, Guinea is not immune from suit because this is an action to enforce an arbitral award governed by the ICSID Convention, which is a treaty in force in the United States for the recognition and enforcement of arbitral awards. *Id.* at 85 ("To our knowledge, every court to consider whether awards issued pursuant to

---

[. . .] disputes between the Guinean government and foreign nationals, on the application or interpretation of this Code, shall, unless otherwise agreed by the parties involved, finally settled by arbitration conducted:

- In accordance with the agreement of 18 March 1985 for the "Dispute Settlement of Investment Disputes between States and Nationals of Other States" established under the auspices of the International Bank for Reconstruction and the Development, ratified by the Republic of Guinea November 4, 1986, or;

- if the person or company concerned does not fulfill the nationality requirements stipulated in Article 25 of the Convention, in accordance with the regulations Additional Facility approved on 27 September 1978 by the Administrative Council of the International Center for Settlement Related Investment Disputes ("ICSID").

6

the ICSID Convention fall within the arbitral award exception [set forth in Section 1605(a)(6) of the FSIA] has concluded that they do do.").

18. In addition, this Court also has subject matter jurisdiction pursuant to 22 U.S.C. § 1650a(b), which provides that "[t]he district courts of the United States. . . shall have exclusive jurisdiction over actions and proceedings" to enforce awards entered under the ICSID Convention.

19. This Court has personal jurisdiction over Guinea pursuant to the FSIA, 28 U.S.C. § 1330(b).

20. Venue is proper in this Court pursuant to the FSIA, 28 U.S.C. § 1391(f)(4).

21. The Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-307 does not apply to "enforcement of awards rendered pursuant to the [ICSID] convention." 22 U.S.C. § 1650a(a). As such, the FAA's jurisdictional requirements do not apply to this Action.

## THE DISPUTE AND THE AWARD

22. The Award arises out of the Getma Entities' investment in the extension of a container terminal ("Container Terminal") in the Port of Conakry in Guinea. Award ¶ 39.

23. In March 2008, the Transport Ministry and the Autonomous Port of Conakry ("APC") issued a call for expression of interest to win a contract to extend and refurbish the Port of Conakry Container Terminal. Following a period of bidding and submissions, Getma International, along with its various commercial partners, was ultimately awarded the Agreement for the Concession of the Container Terminal of the Autonomous Port of Conakry, which was executed by Guinea and Getma International on September 22, 2008 (the "Concession Agreement"). *Id*. ¶¶ 40-50.

24. In March 8, 2011—following the election of a new President Alpha Condé and the appointment of a new Transport Minister, Guinea issued a Decree D/2011 071 through which

Guinea attempted to cancel the Concession Agreement and Additional Clause no. 1 purportedly "due to the Concessionary's failure to meet its obligations [. . .] with immediate effect and without indemnification, at the expense, risk, and based on the fault of the companies [sic] Getma International SAS" (the "Termination Decree"). *Id.* ¶¶ 83-89.

25. On March 9, 2011, the President of Guinea issued Decree D/2011 074 "for the requisition of the personnel, facilities, real property and assets on the territory of the Republic of Guinea of the Getma International SAS and Conakry Container Terminal companies" for a period of 60 days (the "Requisition Decree"). *Id.* ¶ 88. That same day, on March 9, 2011, Getma International and STCC had a bailiff's report drawn up to report that police had "turned up" on March 8, 2011 in front of their offices and had "instructed them to vacate and lock the premises, prohibiting them from reopening them." *Id.* ¶ 91.

26. Again on March 9, 2011, Getma International sent to the Transport Ministry a letter containing, *inter alia*, "preliminary notice of change of law" in which it stated that the Termination Decree and Requisition Decree constituted "a Change of Law and Acts of the Public Authorities, impeding the proper functioning of the activities granted in the concession as per article 32.5, paragraph 1 of the Concession Agreement". *Id.* ¶ 92.

27. On March 22, 2011, Getma International provided notice of its protest against the measures related to the Termination Decree and Requisition Decree as well as formal notice requesting that Guinea minimize the effects of the change of law and of the acts of the Public Authorities which impeded the smooth functioning of the activities granted in the concession and the indemnifications stipulated in the Concession Agreement. *Id.* ¶ 96.

28. On May 4, 2011, Getma International sent a letter to the Transport Minister containing "the strongest protests" concerning the Termination Decree and the Requisition

Decree. A brief memorandum was appended thereto, describing the history of the Concession Agreement, and the requests for indemnification. *Id.* ¶ 98.

29.     On June 30, 2011, the Minister of State in charge of Public Works and Transport sent a letter to Getma International, accompanying Decree D/2011 187 of June 22, 2011 "containing a lifting of the requisition for the personnel, facilities, real property and assets of the Getma International SAS and Conakry Container Terminal companies on the territory of the Republic of Guinea" as per the decision of March 9, 2011 contained in Decree D/2011 74. The letter asked Getma International "to come and recover all of [its] movables, real property… of which [STCC] had the disposal". *Id.* ¶ 100.

30.     The Getma Entities commenced this Arbitration by submitting a Request for Arbitration to ICSID, which ICSID received on September 29, 2011. *Id.* ¶ 9. In the Request for Arbitration, the Getma Entities charged Guinea with multiple breaches of its obligations under Article 5 and 6(1) of the Investment Code of the Republic of Guinea (the "Investment Code")[8], and requested an award of restitution of the Getma Entities' investments, compensation plus interest, other relief as the Tribunal considered appropriate, and the legal fees and costs incurred by the Getma Entities in the arbitral proceedings. *Id.* at ¶ 105.

---

[8] Article 5 of the Investment Code states: "The Guinean government does not take any expropriation or nationalization of investments made by individuals or companies subject to the cases of public interest recognized under the conditions provided by law. In the case of public utility, measures of expropriation shall not be discriminatory and must provide for fair and adequate compensation, the amount will be determined by rules and practices of international law."

Article 6(1) of the Investment Code states: "Subject to the laws and regulations of the Republic, foreign natural and legal persons regularly established in Guinea receive the same treatment as nationals of Guinea with regard to law and obligations relating to the exercise of their activities."

31. On November 3, 2011, the Secretary-General of ICSID registered the Request for Arbitration in accordance with Article 36(3) of the ICSID Convention.[9] *Id.* ¶ 11. On February 2, 2012, a three-member ICSID arbitral tribunal (the "Tribunal") was duly constituted. *Id.* ¶ 13.

32. The Tribunal held a hearing on jurisdiction on September 28, 2012 in Paris, the record of which was submitted to both parties and to the arbitrators in draft form on October 2, 2012. *Id.* ¶ 17. Both Guinea and the Getma Entities were represented by counsel and fully participated in the hearing.

33. The Tribunal issued its decision on jurisdiction on December 29, 2012. The Tribunal declared that: (i) it did not have jurisdiction to rule on the effects of the termination of the Concession Agreement as it related to the Getma Entities; (ii) it did have jurisdiction to rule on the effects of the requisition and other alleged breaches of the Guinea Investment Code that do not fall into the framework of the Concession Agreement as it related to the Getma Entities; and (iii) the costs incurred by both parties and the Tribunal members would be decided at a later date. *Id.* ¶ 18.

34. A Hearing on the Merits was held before the Tribunal in Paris, France from November 23 to 25, 2015. *Id.* at ¶ 29. Both Guinea and the Getma Entities were represented by counsel and fully participated in the hearing.

35. On July 20, 2016, the Tribunal adjourned the proceedings. *Id.* at ¶ 37.

36. On August 16, 2016, the Tribunal issued the Award, ruling in favor of the Getma Entities and finding Guinea liable. In the Award, a comprehensive 120-page decision, the

---

[9] A more detailed summary of the procedural history of the Arbitration is available on the ICSID website. *See* ICSID, Case Details, *Getma International and others v. Republic of Guinea* (ICSID Case No. ARB/11/29), https://icsid.worldbank.org/en/Pages/cases/casedetail.aspx?CaseNo=ARB/11/29 (last accessed August 8, 2019).

Tribunal found that Guinea "violated Articles V and VI of the Investment Code by the acts of the Public Authorities which certain aggravating circumstances of the Termination Decree and the Requisition Decree constitute." *Id.* Enacting Terms, § IX (D).

37. The Tribunal concluded that Guinea's conduct with respect to the Getma Entities' investment "constitute[d] an illegal expropriation," and a "violation of the most basic standard of treatment under customary international law." *Id.* at ¶¶ 379, 383, 388.

38. As also stated in Paragraph 2 above, the Award orders Guinea to pay to the Getma Entities the following:

   a. $278,246.18 to indemnify the Getma Entities for the prejudice linked to crisis management (*id.* ¶ 431);

   b. $223,640 to indemnify the Getma Entities for the prejudice linked to the non-restitution of a portion of the requisitioned goods (*id.* ¶ 449);

   c. Interest capitalized annually on the foregoing amounts accruing from March 8, 2011 until September 30, 2013 and from June 17, 2014 up to the date of effective full payment (*id.* ¶ 465); and

   d. $340,000 to compensate the Getma Entities for 40% of the cost of arbitration. *Id.* ¶ 478. *See also* Enacting Terms.

39. Article 52(4) of the ICSID Additional Facility Arbitration Rules provides that an award "shall be final and binding on the parties." The Award is therefore final and binding.

## LEGAL BASIS FOR RELIEF

40. Article 54(1) of the ICSID Convention requires Contracting States to "recognize an award rendered pursuant to [the] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

41. To fulfill this obligation, the United States passed implementing legislation that provides:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. § 1 *et seq.*) shall not apply to enforcement of awards rendered pursuant to the [ICSID] convention.

22 U.S.C. § 1650a(a)

42. Arbitral awards issued against a foreign state pursuant to the ICSID Convention may be enforced by bringing a plenary action in federal court in compliance with the requirements for commencing a civil action under the Federal Rules of Civil Procedure, and with the personal jurisdiction, service, and venue requirements of the FSIA. *See Micula v. Gov't of Romania*, 104 F. Supp. 3d 42, 49-50 (D.D.C. 2015).

43. Awards issued in accordance with the ICSID Convention may not be subject to collateral attack in enforcement proceedings. 22 U.S.C. § 1650a. Additionally, "member states' courts are . . . not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the [ICSID] Convention's terms, they may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award." *See Mobil Cerro Negro, Ltd. V. Bolivarian Republic of Venezuala*, 863 F.3d 96, 102 (2d Cir. 2017). Thus, the ICSID Convention "reflects an expectation that the courts of a member nation will treat the award as final." *Id.*; ICSID Convention Arts. 53(1), 54(1).

44. Consistent with this understanding, 22 U.S.C. § 1650a(a) provides that the FAA "shall not apply to enforcement of awards rendered pursuant to the convention," thus "mak[ing]

[defenses under the FAA] unavailable to ICSID award-debtors in federal court proceedings." *Mobil Cerro*, 863 F.3d at 120-21.

45. District courts therefore enforce ICSID awards without allowing merit-based challenges to enforcement of the awards. *See, e.g. Duke Energy Int'l Peru Investments No. 1, Ltd. V. Republic of Peru*, 904 F. Supp. 2d 131, 132-34 (D.D.C. 2012).

## THE AWARD MUST BE RECOGNIZED AND ENFORCED

46. Petitioner repeats and re-alleges the allegations in paragraphs 1 through 45 as if set forth fully herein.

47. The Award is a binding arbitration award under the ICSID Convention and was rendered in the Getma Entities' favor.

48. The courts in the United States recognize and enforce awards issued pursuant to the ICSID Convention. 22 U.S.C. § 1650a.

49. Therefore, Petitioners are entitled to an order enforcing the Award as a judgment pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, and entering judgment thereon in the amount of $841,886.18 USD, together with interest at the rate of 8.7% capitalized annually on the amount of $501,886.18 from March 8, 2011 until September 30, 2013 and then beginning on June 17, 2014 until the date of effective full payment.

**WHEREFORE**, Petitioners respectfully request that the Court enter judgment in favor of Petitioners and against Respondent and request that the Court issue an order:

(a) confirming, recognizing, and enforcing the Award against the Republic of Guinea in the same manner as a final judgment issued by a court of one of the several states;

(b) entering judgment in Petitioners' favor in the amount of $841,886.18 USD, together with interest at the rate of 8.7% capitalized annually on the amount of $501,886.18

from March 8, 2011 until September 30, 2013 and then beginning on June 17, 2014 until the date of effective full payment; and

(c) granting such other and further relief as may be just and proper.

A proposed order is attached.

Dated: August 8, 2019

Washington, D.C.

Respectfully submitted,

By: /s/ Daniel G. Morris

William T. O'Brien (D.C. Bar No. 450891)
Daniel G. Morris (D.C. Bar No. 1018371)
John J. Hay (*pro hac vice pending*)
Catharine Luo (*pro hac vice pending*)

DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Tel: (202) 496-7500
Fax: (202) 496-7756
william.obrien@dentons.com
daniel.morris@dentons.com

DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
john.hay@dentons.com
catharine.luo@dentons.com

*Attorneys for Petitioners Frederique Levy and Xavier Brouard as Liquidators of Getma International, Necotrans Holding, Getma International Investissements, and NCT Infrastructure & Logistique*