# EXHIBIT 5

 **LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone  (913) 341-3167
Toll Free   (800) 755-5775
Telefax     (913) 341-3168
www.legallanguage.com

July 29, 2019

To whom it may concern:

This is to certify that the attached translation from French into English is an accurate representation of the documents received by this office.  These documents are designated as:

**Judgment dated January 10, 2019**
**(Court of Appeal of Paris)**

Maria Victoria Portuguez, Manager of this company, certifies that Josephine Baldwin, who translated this document, is fluent in French and standard North American English and qualified to translate. She attests to the following:

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document".

_____
Signature of Maria Victoria Portuguez

Subscribed and sworn to before me this July 29, 2019.

_____
Thomas R. McLean
Notary Public, State of Kansas
Qualified in Johnson County
My commission expires July 31, 2022

THOMAS R MCLEAN
NOTARY
MY APPOINTMENT
EXPIRES 7-31-2022
PUBLIC
STATE OF KANSAS

Sincerely,

Victor J. Hertz
President

Enforceable Copies
consigned to the parties on:

# FRENCH REPUBLIC
## ON BEHALF OF THE FRENCH PEOPLE

### COURT OF APPEAL OF PARIS
#### Division 4 - Chamber 8
#### JUDGMENT DATED JANUARY 10, 2019

(No.          ,  7      pages)

Docket Filing Number :    **No. RG 16/15796 - No. Portalis 35L7-V-B7A-BZJIQ**

Decision referred to the Court: Ruling dated July 7, 2016 - Enforcement Judge Magistrate of
the Superior Court of Paris - RG No. 16/80733

## APPELLANT

**Sas Getma International, acting in these proceedings through its legal representative
domiciled in such capacity at the above registered office**
SIRET (Business Registration) No.: 350 701 272 00048
40 avenue George V
75008 Paris

Represented by Cédric Fischer, Esq., of the Scp Fischer Tandeau de Marsac Sur & Associés
Partnership, Attorney at the Paris Bar, toque : P0147

## RESPONDENTS

**The Republic of Guinea-Conakry, represented by the State Judiciary Official, Mr.
Mory Doumbouya**
BP 1005
Conakry - Republic of Guinea

**Public Procurement Regulation Authority of Guinea-Armp, represented by its
Managing Director, Mr. Guillaume Curtis**
Conakry
Republic of Guinea

Represented by Frédéric Lalance, Esq., of the Orrick Herrington & Sutcliffe Partnerships
(Europe) LLP, Attorney at the Paris Bar, toque : P0134

## INTERVENING PARTIES

**Selafa Mja, judicial agents, represented by Frédérique Levy, Esq.**
102 Faubourg Saint Denis
75479 Paris Cedex 10

**Scp Brouard-Daude Partnership, judicial agent, represented by Xavier Brouard, Esq.**
34 rue Sainte Anne
75001 Paris

Represented by Cédric Fischer, Esq., of Scp Fischer Tandeau de Marsac Sur & Associés

Partnership, Attorney at the Paris Bar, toque: P0147

**COMPOSITION OF THE COURT:**

   The case was discussed in open court on December 12, 2018, before the Court consisting of:

     Mrs. Emmanuelle Lebée, President
     Mr. Gilles Malfre, Advice Counsel, entrusted with drafting the report
     Mr. Bertrand Gouarin, Advice Counsel, who have deliberated upon the matter

**Clerk of the Court** during the proceedings: Mr. Sébastien Sabathé

**RULING: - Hearing of opposing arguments**

   - The ruling was made available to the Clerk of the Court, after the parties had been previously notified under the terms provided in the second paragraph of Article 450 of the Code of Civil Procedure,

   - It was signed by Mrs. Emmanuelle Lebée, President, and by Mr. Sébastien Sabathé, Clerk of the Court, to whom the minutes of the ruling were delivered by the signing Magistrate.

   Through a ruling of April 29, 2014 (the award), the Common Court of Justice and Arbitration of the Organization for the Harmonization in Africa of Business Law (Ccja) sentenced the Republic of Guinea-Conakry (the Republic of Guinea), following the termination of the agreement for the concession of the container terminal that was entered into on September 22, 2008 with Sas Getma International (the Getma corporation), to compensate the latter for the damages sustained as a result of this termination; said damages are itemized follows:

- A lump sum termination compensation of € 20,884,966;
- A compensation for termination on granted assets of € 3,234,995;
- The unamortized amount of the entrance ticket in the amount of € 14,201,096;
- A compensation for non-returned stock of € 210,070.

The above amounts yield interests at the European Central Bank discount rates, increased by 1%, and this, as of the request for arbitration on May 10, 2011.

   It is further specified that each party shall bear its own costs and expenses (attorney fees, consultants, experts, witnesses) and half the burden of the remaining arbitration fees of CFA Francs 100,480,332, of which CFA Francs 40,480,332 are Arbitrator fees.

   The Secretariat of the Ccja notified this ruling to the Attorneys of the parties by a letter dated May 26, 2014, received on May 30. By an order of June 18, 2014, the President of the Superior Court of Paris indorsed the ruling with an enforcement order. This sentence, registered for enforcement, was notified to the Republic of Guinea by a judicial document on July 18, 2014. The Republic of Guinea did not lodge an appeal; therefore the sentence, indorsed by the enforcement order, is now final on French territory.

   To enforce this sentence, the Getma corporation issued four garnishment orders:

- On October 21, 2015 against Agence Française de Développement (Afd);
- On October 21, 2015 against the Bank of France;
- On October 21, 2015 against Bnp Paribas;
- On November 10, 2015 against the Veolia Afrique corporation (Veolia corporation);

In the context of the November 10, 2015 garnishment, Veolia corporation stated in a letter dated November 13, 2015, that it had two debts of a fiscal or similar nature with the Republic of Guinea: € 165,517 for a professional license, and € 110,345 for a fee due to the Public Procurement Regulation Authority of Guinea-Conakry (Armp). It specified it was not indebted to the Republic of Guinea under the Management Agreement of the Électricité de Guinée company.

In a letter dated October 22, 2015, the Bank of France stated it did not hold any sum or security for the Republic of Guinea.

In a letter dated October 27, 2015, Bnp Paribas mentioned the existence of several guarantee commitments. In a letter dated November 4, 2015, it reiterated that embassies' bank accounts enjoy immunity; said immunity was confirmed in a letter of November 23, 2015.

The garnishments against the Bank of France and Bnp Paribas were reported on October 29, 2015, and the one levied against Veolia corporation was reported on November 18, 2015.

For the purposes of releasing such garnishment orders, the Republic of Guinea and Armp summoned Getma corporation to appear before the Enforcement Judge of the Superior Court of Paris by a writ dated January 29, 2016.

On grounds of a priority preliminary ruling on the issue of constitutionality (ppric) filed by Getma corporation when it opposed the garnishment order levied at Afd, the Enforcement Judge of the Superior Court of Paris rejected the request for transmission of the ppric in a first ruling; in a subsequent ruling of October 13, 2016, registered under the same number, RG 16/81173, as the first ruling, he ordered the release of the garnishment order levied on October 21, 2015 against Afd. Furthermore, the first judge ruled on the challenge to the three other garnishments by issuing the award of July 7, 2016, RG 16/80733.

Getma corporation appealed the award of July 7, 2016, RG 16/80733 by filing a statement on July 19, 2016, and the two judgments of July 7, 2016 and October 13, 2016, RG 16/81173, with statement of October 13, 2016.

This Court upheld the ruling of July 7, 2016, RG 16/81173 by issuing the judgment of March 9, 2017.

According to his ruling of July 7, 2016 (RG 16/80733), the Enforcement Judge of the Superior Court of Paris stated that the requests for the release of garnishment orders levied on October 21, 2015 at the Bank of France and Bnp Paribas were moot, and further stated that Getma corporation's request for expert determination regarding the garnishments was inadmissible. He stated the garnishment order of November 10, 2015 at Veolia corporation produced an attribution effect for € 165,517; however, he ordered this garnishment to be released since it pertains to amounts due to Armp for royalties reported by the garnishee for the benefit of this authority. He dismissed the Republic of Guinea and the Armp from their other claims and ordered the latter to pay Getma a compensation of € 2,000 pursuant to Article 700 of the Code of Civil Procedure

By way of final conclusions notified on October 30, 2018, Selafa, represented by Mrs. Levy, Esq., and the Scp Brouard-Daudé Partnership, represented by Mr. Brouard, Esq., and parties applying to be joined to the RG 16/20427 and 16/15796 proceedings, in their official capacities as liquidation receivers of Getma corporation, request the Court to join the 16/20427 appeals proceedings (garnishment order against Afd) and 16/15796 (the three other garnishments), to set aside the ruling of July 7, 2016, RG 16/80733, except as regards the rationality of the garnishment order against Veolia in the amount of € 165,517, and the lack of unreasonableness of the garnishments levied by Getma, and to set aside the ruling of October 13, 2016.

-  As for the garnishment against Afd, they petitioned for the dismissal of the claims made by the Republic of Guinea and Armp.

-  As for the garnishments levied against the Bank of France, Bnp Paribas and Veolia corporation, they expect that the legitimacy of the garnishments and their attribution effect be established; they oppose the requests of the Republic of Guinea and Armp, and they ask that an expert consultant's report be ordered for the garnishments against the Bank of France and Bnp Paribas, in order to:

     -  Visit any and all premises of the Bank of France and Bnp Paribas located on French soil;

-  Be provided with an itemized list of all assets held on the date of the enforcement proceedings by said financial institutions in the name of, and on behalf of the Republic of Guinea, even if they are registered in the name of any emanation thereof, particularly in the name of the Embassy of the Republic of Guinea;

-  In case of refusal, to carry out any investigation to determine the number, nature and value of the assets held by the Bank of France and Bnp Paribas in the name and on behalf of the Republic of Guinea, even if they are registered in the name of any emanation thereof, and particularly in the name of the Embassy of the Republic of Guinea, on the date of the execution measures;

     -  To find and rule that bank secrecy may not be opposed to the process server.

Furthermore, they request the Republic of Guinea and Armp to be sentenced to pay to them the amount of € 30,000 pursuant to Article 700 of the Code of Civil Procedure.

By final conclusions of September 28, 2018, the Republic of Guinea and the Armp oppose the requests for joinder and stay of judgment, seek the reversal of the ruling in that it states that the garnishment order of November 10 2015 at Veolia corporation produced an attribution effect in the amount of € 165,517, and in that it rejected the claim from the Republic of Guinea and Armp for damages due to abusive process. They ask the Court to release the garnishment orders levied against the Bank of France, Bnp Paribas and Veolia corporation, and to sentence Selafa Mja, represented by Mrs. Levy, Esq., and Mr. Brouard, Esq., acting in their official capacities, to pay the sum of € 20,000 to the Republic of Guinea and € 15,000 to Armp, pursuant to article L. 121-2 of the Code of Civil Enforcement Proceedings, in addition to paying € 30,000 to each, by way of legal fees.

### ON THIS MATTER

About the proceedings:

There is no reason to join this appeal, regarding the validity of the ordered garnishments levied against the Bank of France, Bnp Paribas and Veolia corporation, to the appeal regarding the garnishment levied against Afd, since the evidence in support of each such appeals is different.

It is advisable to admit the two liquidation receivers of the Getma corporation in voluntary joinder.

There will be no ruling on the stay of proceedings, which is no longer sought by the Appellants.

<u>Regarding the garnishment levied against the Bank of France and Bnp Paribas</u> :

In support of their request for expert determination, the Appellants state that surprisingly, the Banque de France indicated that it did not hold any sum or security on behalf of the Republic of Guinea, even though it is likely that Guinea or its emanations has one or more accounts at the Bank of France. As for Bnp Paribas, they stated that this third party has confirmed that an account exists; however, they mentioned that it could not be garnished as it is protected by immunity, and such an immunity is being challenged.

Yet, the creditor did not deem it fit to include the two garnished third parties in the case, and sought their liability for the obligations that are incumbent upon them under Article R. 211-5 of the Code of Civil Enforcement Proceedings, which it claims were not respected. Therefore, the request for expert determination can only be rejected, as it applies only to this provision.

Moreover, it is unnecessary to note the attribution effect of these two garnishments, as requested by the Appellants.

The Republic of Guinea asks that these two garnishments be released; it recalls, quite rightly, that the debtor as an interest in making such a request, even if the garnishment order has been unsuccessful, as in the present case. Even so, the Respondent does not dispute the evidence of the amounts claimed in these proceedings and does not ask that they be released, in respect of the abusive garnishment it claims in its writ. Therefore, it is unnecessary to release said garnishments.

The ruling will be confirmed on these counts.

<u>About the garnishment levied against Veolia corporation:</u>

-    <u>About the waiver to immunity of execution:</u>

Whereas pursuant to Article 31 of the Container Terminal Concession Agreement entered into on 22 September 2008, the Republic of Guinea waived its immunity from execution, the latter deems such waiver should also be special. It is based on the ruling of the First Civil Chamber of the Court of Cassation of January 10, 2018, which adopted an application of the new provisions of law No. 2016-1691 of December 9, 2016 introducing Articles L. 111-1-2 and L. 111-1-3 in the Code of Civil Enforcement Proceedings, even for prior garnishments, thus enshrining the previous case law that disputes the isolated doctrine stemming from the ruling of May 13, 2015.

Yet, the ruling of January 10, 2018 deemed that a State's waiver to its immunity from enforcement must be express and specific in that enforcement processes concern the sovereignty of States and their diplomatic representatives; furthermore, such ruling expressly refers to *"the property, including bank accounts, used or intended to be used for the exercise of the functions that the State's diplomatic corps or consular posts are entrusted with"*, as mentioned in Article L. 111-1-2 3, a) as well as the provisions in Article L. 111-1-3, which an demand express and specific waiver in regards to said property. In addition, the Court of Cassation reiterated that it

---

intended to refer back to its case law prior to its ruling of May 13, 2015, that is, to an express and specific waiver on the property intended for the State's diplomatic Missions, a solution that was incorporated into Article 111-1-3, but only to an express waiver regarding garnishments namely on fiscal and social security debts.

Yet, in this case it could not be deemed that the sums seized from Veolia, relating to a professional license and to a fee payable to Armp, are used or intended to be used for diplomatic missions or consular posts of the Republic of Guinea. As a result, the debtor has validly waived his immunity from enforcement in respect of his claims.

Therefore the release of the garnishment is dismissed; on these grounds, the ruling is confirmed on this issue.

-   About the territoriality of enforcement proceedings:

In the appeal, the Republic of Guinea argues that the debts stated by Veolia corporation on behalf of its branch in Conakry cannot be garnished, since they are located on the territory of the Republic of Guinea and are owed, due and payable under Guinean law.

Whenever a garnishment order involves a claim for money, the location of said claim is unified with the domiciled of the garnished third party who happens to be the holder, in this case France, since the registered offices of Veolia corporation, the receiver of the writ of attachment dated November 10, 2015, are in Paris.

The Asset Consolidation Principle should lead to conclude that these debts are located at the registered offices of this garnished third party company. The inherently governmental nature of the claimed debt has no impact on the application of this rule, as their international protection is provided by state immunity. Thus, this plea cannot be accepted.

-   About Armp as an emanation of the Republic of Guinea:

It is up to the Getma corporation to prove that Armp lacks any structural, organic and decision-making independence with regard to the Guinean State, and that since there are no assets different from those of that State, both sets of assets are joined.

Owing to the above relevant reasons adopted by the Court, the Chief Judge reckoned that Armp was not an emanation of the defaulting State. It is added that the fact that the President of the Republic is the supervisory authority is irrelevant, as such authority in itself does not entail a lack of autonomy of the State-controlled structure, that six out of the nine members of the Regulatory Board that administers Armp are not directly appointed by the government and that even if the Managing Director is appointed by the President of the Republic, the latter is only liable to the Regulatory Board. On the other hand, it is by reversing the burden of proof that the Appellants point out that Armp does not justify its financial independence. Indeed, it is up to them to prove that such authority merges with the State of Guinea, in such way that Getma corporation would be entitled to execute its title against this authority. Moreover, it is no consequence that this authority has a regulatory as well as a supervisory power, since it has been instituted precisely to regulate public procurements.

Therefore, the ruling will be confirmed in that it has ordered the release of the garnishments of the fees due to Armp, as these amounts are not debts of the Guinean State.

<u>About the damages for improper garnishment</u>:

The first Judge will also be confirmed on this matter: the Getma corporation proves to have a writ of enforcement on grounds of which it could enforce the challenged garnishments; it is reiterated that the garnishment against Veolia corporation has been partially authorized.

<u>About the remaining claims</u>:

In respect of the fees incurred not included in the costs, the Appellants will be ordered to pay the sum of € 5,000.

### ON THOSE GROUNDS,

Ruled that there are no grounds for a junction with the appeal recorded under G 16/20427; admits in their voluntary joinder Selafa Mja, represent by Ms. Frédérique Levy, Esq., and the Scp Brouard-Daudé Partnership, represented by Mr. Xavier Brouard, Esq., in their official capacities as liquidation trustees or Sas Getma International;

Confirms the ruling;

Rejects any other claim;

Sentences Selafa Mja, represented by Ms. Frédérique Levy, Esq., and Scp Brouard-Daudé Partnership, represented by Mr. Xavier Brouard, Esq., in their professional capacity as liquidation trustees of Sas Getma International, to pay the amount of € 5,000 to the Republic of Guinea-Conakry, pursuant to Article 700 of the Code of Civil Procedure;

Sentences Selafa Mja, represented by Ms. Frédérique Levy, Esq., and Scp Brouard-Daudé Partnership, represented by Mr. Xavier Brouard, Esq., in their professional capacity as liquidation trustees of Sas Getma International, to pay the costs of the appeal, which may be recovered pursuant to Article 699 of the Code of Civil Procedure.

THE CLERK OF THE COURT                                        THE PRESIDENT

Copies exécutoires
délivrées aux parties le :

# RÉPUBLIQUE FRANÇAISE
AU NOM DU PEUPLE FRANÇAIS

## COUR D'APPEL DE PARIS

### Pôle 4 - Chambre 8

### ARRÊT DU 10 JANVIER 2019

(n°          ,  7   pages)

Numéro d'inscription au répertoire général :   **N° RG 16/15796 - N° Portalis 35L7-V-B7A-BZJIQ**

Décision déférée à la cour : jugement  du 07 juillet 2016 -juge de l'exécution du tribunal de grande instance de Paris - RG n° 16/80733

## APPELANTE

**Sas Getma International, agissant poursuites et diligences en la personne de son représentant légal domicilié en cette qualité audit siège**
N° SIRET : 350 701 272 00048
40 avenue George V
75008 Paris

représentée par Me Cédric Fischer de la Scp Fischer Tandeau de Marsac Sur & Associés, avocat au barreau de Paris, toque : P0147

## INTIMÉES

**La République de Guinée-Conakry, représentée par l'agent judiciaire de l'Etat, Monsieur Mory Doumbouya**
BP 1005
Conakry - République de Guinée

**Autorité de régulation des marchés publics de Guinée-Armp, représentée par son directeur général, Monsieur Guillaume Curtis**
Conakry
République de Guinée

représentées par Me Frédéric Lalance du Partnerships Orrick Herrington & Sutcliffe (Europe) LLP, avocat au barreau de Paris, toque : P0134

## PARTIES INTERVENANTES

**Selafa Mja, mandataires judiciaires, prise en la personne de Maître Frédérique Levy**
102 Faubourg Saint Denis
75479 Paris Cedex 10

**Scp Brouard-Daude, mandataire judiciaire, prise en la personne de Maître Xavier Brouard**
34 rue Sainte Anne
75001 Paris

représentées par Me Cédric Fischer de la Scp Fischer Tandeau de Marsac Sur & Associés,

avocat au barreau de Paris, toque : P0147

**COMPOSITION DE LA COUR :**

   L'affaire a été débattue le 12 décembre 2018, en audience publique, devant la cour composée de :

     Mme Emmanuelle Lebée, présidente de chambre
     M. Gilles Malfre, conseiller, chargé du rapport
     M. Bertrand Gouarin, conseiller

qui en ont délibéré.

**Greffier,** lors des débats : M. Sébastien Sabathé

**ARRÊT : - contradictoire**

   - par mise à disposition de l'arrêt au greffe de la cour, les parties en ayant été préalablement avisées dans les conditions prévues au deuxième alinéa de l'article 450 du code de procédure civile.

   - signé par Mme Emmanuelle Lebée, présidente et par M. Sébastien Sabathé, greffier auquel la minute de la décision a été remise par le magistrat signataire.

   Par une décision du 29 avril 2014 (la sentence), la Cour Commune de Justice et d'Arbitrage de l'Organisation pour l'harmonisation en Afrique du droit des affaires (Ccja) a condamné la république de Guinée-Conakry (la république de Guinée), à la suite de la résiliation de la convention de mise en concession du terminal à conteneurs conclue le 22 septembre 2008 avec la Sas Getma International (la société Getma), à indemniser cette dernière du préjudice subi du fait de cette résiliation, ce préjudice se décomposant comme suit :

- une indemnité forfaitaire de résiliation de 20 884 966 euros ;
- une indemnité de résiliation relative aux biens concédés de 3 234 995 euros ;
- le montant non amorti du ticket d'entrée à hauteur de 14 201 096 euros ;
- une indemnité relative au stock non restitué de 210 070 euros ;

ces montants produisant intérêts aux taux d'escompte de la Banque Centrale Européenne, majorés d'1%, et ce depuis la requête d'arbitrage du 10 mai 2011.

   Il a été en outre précisé que chaque partie supportera la charge de ses propres frais et débours (avocats, consultation, experts, témoins) et la moitié de la charge des autres frais d'arbitrage de 100 480 332 de francs Cfa dont 40 480 332 de francs Cfa d'honoraires d'arbitres.

   Cette sentence a été notifiée aux conseils des parties par le secrétariat de la Ccja par lettre du 26 mai 2014 reçue le 30 mai. Par ordonnance du 18 juin 2014, le président du tribunal de grande instance de Paris a revêtu la sentence de la formule exécutoire. Cette sentence exequaturée a été notifiée à la république de Guinée par acte du 18 juillet 2014. La république de Guinée n'a pas formé de recours de sorte que cette sentence, revêtue de la formule exécutoire, est désormais définitive sur le territoire français .

   En exécution de cette sentence, la société Getma a fait pratiquer quatre saisies-attribution :

- le 21 octobre 2015 entre les mains de l'Agence Française de Développement (Afd) ;
- le 21 octobre 2015 entre les mains de la Banque de France ;
- le 21 octobre 2015 entre les mains de la Bnp Paribas ;
- le 10 novembre 2015 entre les mains de la société Veolia Afrique (la société Veolia).

Dans le cadre de la saisie du 10 novembre 2015, la société Veolia a déclaré, par lettre du 13 novembre 2015, qu'elle était redevable à l'égard de la république de Guinée de deux dettes de nature fiscale ou assimilée : 165 517 euros au titre d'une patente professionnelle et 110 345 euros correspondant à une redevance due à l'autorité de régulation des marchés publics de Guinée-Conakry (Armp). Elle a précisé ne pas être débitrice de la république de Guinée en vertu du contrat de gestion de la société Électricité de Guinée.

Par lettre du 22 octobre 2015, la Banque de France a indiqué ne détenir, pour le compte de la république de Guinée, aucune somme ou valeur mobilière.

Par lettre du 27 octobre 2015, la Bnp Paribas a mentionné l'existence de divers engagements de garantie. Par lettre du 4 novembre 2015, elle a rappelé que les comptes bancaires des ambassades bénéficient d'une immunité, confirmant cette immunité par lettre du 23 novembre 2015.

Les saisies entre les mains de la Banque de France et de la Bnp Paribas ont été dénoncées le 29 octobre 2015 et celle pratiquée entre les mains de la société Veolia le 18 novembre 2015.

Aux fins de mainlevée de ce saisies-attribution, la république de Guinée et l'Armp ont fait citer la société Getma devant le juge de l'exécution du tribunal de grande instance de Paris, par assignation du 29 janvier 2016.

En raison d'une question prioritaire de constitutionnalité (qpc) déposée par la société Getma à l'occasion de sa contestation la saisie-attribution effectuée auprès de l'Afd, le juge de l'exécution du tribunal de grande instance de Paris a, par un premier jugement du 7 juillet 2016, rejeté la demande de transmission de la qpc et, par un second jugement du 13 octobre 2016 enrôlé sous le même numéro RG 16/81173 que le premier jugement, ordonné mainlevée de la saisie-attribution pratiquée le 21 octobre 2015 entre les mains de l'Afd. Par ailleurs, le premier juge a statué sur la contestation des trois autres saisies, par jugement du 7 juillet 2016, RG 16/80733.

La société Getma International a relevé appel du jugement du 7 juillet 2016, RG 16/80733, par déclaration du 19 juillet 2016 et des deux jugements des 7 juillet 2016 et 13 octobre 2016, RG 16/81173, selon déclaration du 13 octobre 2016.

Par arrêt du 9 mars 2017, cette chambre a confirmé le jugement du 7 juillet 2016, RG 16/81173.

Aux termes de son jugement du 7 juillet 2016 (RG 16/80733), le juge de l'exécution du tribunal de grande instance de Paris a déclaré sans objet les demandes tendant à la mainlevée des saisies-attributions pratiquées le 21 octobre 2015 auprès de la Banque de France et de la Bnp Paribas, a déclaré irrecevable la demande d'expertise de la société Getma concernant ces saisies. Il a dit que la saisie-attribution du 10 novembre 2015 auprès de la société Veolia a produit un effet attributif à hauteur de la somme de 165 517 euros mais a ordonné mainlevée de cette saisie en ce qu'elle porte sur des sommes revenant à l'Armp, au titre des redevances déclarées par le tiers saisi au profit de cette autorité. Il a débouté la république de Guinée et l'Armp de leurs autres demandes et a condamné cette dernière à verser à la société Getma une indemnité de 2 000 euros en vertu de l'article 700 du code de procédure civile.

Par dernières conclusions signifiées le 30 octobre 2018, la Selafa, prise en la personne de M° Levy, et la Scp Brouard-Daudé, prise en la personne de M° Brouard, intervenants volontaires aux procédure RG 16/20427 et 16/15796, ès qualités de liquidateurs judiciaires de la société Getma, demandent à la cour de joindre les procédures d'appel 16/20427 (saisie-attribution entre les mains de l'Afd) et 16/15796 (les trois autres saisies), d'infirmer le jugement du 7 juillet 2016, RG 16/80733, sauf en ce qui concerne la validité de la saisie-attribution pratiquée entre les mains de Veolia pour un montant de 165 517 euros et l'absence de caractère abusif des saisies pratiquées par Getma et d'infirmer le jugement du 13 octobre 2016.

- Concernant la saisie entre les mains de l'Afd, ils concluent au débouté des demandes de la république de Guinée et de l'Armp.

- Concernant les saisies pratiquées entre les mains de la Banque de France, de la Bnp Paribas et de la société Veolia, ils entendent qu'il soit constaté la validité des saisies et leur effet attributif, s'opposent aux demandes de la république de Guinée et de l'Armp et sollicitent qu'il soit ordonné une mesure d'expertise, pour les saisies entre les mains de la Banque de France et la Bnp Paribas, avec pour mission de :

- se rendre dans tous locaux de la Banque de France, et de la Bnp Paribas situés sur le territoire français ;

- se faire remettre la liste détaillée de tous actifs détenus à la date des mesures d'exécution par lesdits établissements financiers au nom et pour le compte de la république de Guinée quand bien même seraient-ils inscrits au nom de toute émanation de celle-ci, et notamment à celui de l'ambassade de la république de Guinée ;

- en cas de refus, procéder à toutes investigations afin de déterminer le nombre, la nature et la valeur des actifs détenus par la Banque de France et la Bnp Paribas au nom et pour le compte de la république de Guinée quand bien même seraient-ils inscrits au nom de toute émanation de celle-ci, et notamment à celui de l'ambassade de la république de Guinée, à la date des mesures d'exécution ;

- dire et juger que le secret bancaire ne pourra être opposé à l'huissier instrumentaire.

Ils sollicitent en outre la condamnation de la république de Guinée et de l'Armp à leur payer la somme de 30 000 euros en application de l'article 700 du code de procédure civile.

Par dernières conclusions du 28 septembre 2018, la république de Guinée et l'Armp s'opposent aux demandes de jonction et de sursis à statuer, poursuivent l'infirmation du jugement en ce qu'il a dit que la saisie-attribution du 10 novembre 2015 auprès de la société Veolia a produit un effet attributif à hauteur de la somme de 165 517 euros et en ce qu'il a débouté la république de Guinée et l'Armp de leur demande de dommages-intérêts pour procédure abusive. Ils demandent à la cour d'ordonner mainlevée des saisies-attribution pratiquées entre les mains de la Banque de France, de la Bnp Paribas et de la société Veolia et de condamner la Selafa Mja, prise en la personne de M° Levy et de M° Brouard, ès qualités, à verser la somme de 20 000 euros à la république de Guinée et celle de 15 000 euros à l'Armp, au titre de l'article L. 121-2 du code des procédures civiles d'exécution, outre, à chacune, la somme de 30 000 euros au titre des frais irrépétibles.

**SUR CE**

Sur la procédure :

Il n'y a pas lieu de joindre le présent appel, portant sur la validité des saisies-attribution pratiquées entre les mains de la Banque de France, de la Bnp Paribas et de la société Veolia, avec l'appel concernant la saisie effectuée entre les mains de l'Afd, les moyens soutenus à l'appui de chacun de ses appels étant différents.

Il convient de recevoir en leur intervention volontaire, les deux liquidateurs judiciaires de la société Getma.

Il ne sera pas statué sur le sursis à statuer, qui n'est plus sollicité par les appelants.

<u>Sur la saisie pratiquée entre les mains de la Banque de France et la Bnp Paribas :</u>

À l'appui de leur demande d'expertise, les appelants font valoir que, d'une manière surprenante, la Banque de France a indiqué ne détenir aucune somme ou valeur mobilière pour le compte de la république de Guinée, alors qu'il est vraisemblable que la Guinée ou ses émanations détienne un ou plusieurs comptes auprès de la Banque de France. S'agissant de la Bnp Paribas, ils relèvent que ce tiers saisi a confirmé l'existence d'un compte mais a déclaré qu'il ne serait pas saisissable car devant bénéficier d'une immunité, immunité qui est contestée.

Cependant, la créancière n'a pas estimé utile de mettre dans le cause ces deux tiers saisis, en recherchant leur responsabilité au titre des obligations qui leur incombent en vertu de l'article R. 211-5 du code des procédures civiles d'exécution, dont elle soutient qu'elles n'auraient pas été respectées. Sa demande d'expertise, qui s'inscrit uniquement dans le cadre de cette disposition, ne peut donc qu'être rejetée.

Il n'y a par ailleurs pas lieu de constater l'effet attributif de ces deux saisies, comme sollicité par les appelants.

La république de Guinée sollicite mainlevée de ces deux saisies, rappelant, à juste titre que le débiteur a intérêt à présenter une telle demande, même si la saisie-attribution n'a pas été fructueuse, comme au cas d'espèce. Pour autant, l'intimée ne conteste pas le quantum des sommes réclamées dans ces mesures et n'en sollicite pas mainlevée, au titre de l'abus de saisie qu'elle invoque dans ses écritures. Il n'y a dès lors pas lieu à mainlevée de ces saisies.

Le jugement sera donc confirmé de ces chefs.

<u>Sur la saisie entre les mains de la société Veolia :</u>

<u>- Sur la renonciation à l'immunité d'exécution :</u>

Alors qu'en application de l'article 31 de la convention de mise en concession du terminal à conteneurs conclue le 22 septembre 2008, la république de Guinée a renoncé à son immunité d'exécution, cette dernière estime que cette renonciation devait également être spéciale. Elle se fonde sur l'arrêt de la première chambre civile de la Cour de cassation du 10 janvier 2018, qui a retenu une application des nouvelles dispositions de la loi n° 2016-1691 du 9 décembre 2016 ayant introduit les articles L. 111-1-2 et L. 111-1-3 dans le code des procédures civiles d'exécution, même à des saisies antérieures, consacrant les précédentes jurisprudences contredisant la doctrine isolée résultant de l'arrêt du 13 mai 2015.

Cependant, cet arrêt du 10 janvier 2018 a estimé que la renonciation par un État à son immunité d'exécution devait être expresse et spéciale, en ce que les mesures d'exécution forcée touchent à la souveraineté des États et à leurs représentations diplomatiques, cet arrêt visant d'ailleurs expressément « *les biens, y compris les comptes bancaires, utilisés ou destinés à être utilisés dans l'exercice des fonctions de la mission diplomatique de l'État ou de ses postes consulaires* » mentionnés à l'article L. 111-1-2 3° a) ainsi que les dispositions de l'article L. 111-1-3 imposant une renonciation expresse et spéciale concernant ces mêmes biens. En outre, la Cour de cassation a rappelé qu'elle entendait revenir à sa jurisprudence antérieure à son arrêt du 13 mai 2015, soit à une renonciation expresse et spéciale sur les biens destinés aux fonctions diplomatiques de

l'État, solution reprise à l'article L. 111-1-3, mais à une renonciation seulement expresse s'agissant des saisies portant, notamment, sur des créances fiscales et sociales de l'État.

Or, en l'espèce, il ne saurait être considéré que les sommes saisies entre les mains de la société Veolia, celle au titre d'une patente professionnelle et celle correspondant à une redevance due à l'Armp, sont utilisées ou destinées à être utilisées pour les missions diplomatiques ou les postes consulaires de la république de Guinée. Il en résulte que la débitrice a valablement renoncé, sur ces créances, à son immunité d'exécution.

Il n'y a donc pas lieu à mainlevée de la saisie, pour ce motif, le jugement étant confirmé sur ce point.

- Sur la territorialité des voies d'exécution :

En cause d'appel, la république de Guinée soutient que les créances déclarées par la société Veolia, pour le compte de sa succursale à Conakry, ne peuvent pas être saisies car elles sont localisées sur le territoire de la république de Guinée et sont dues, payables et recouvrables en application de la législation guinéenne.

Lorsqu'une saisie-attribution porte sur une créance de somme d'argent, la localisation de cette créance se confond avec le domicile du tiers saisi qui en est le détenteur, soit en l'espèce en France, la société Veolia destinataire de l'acte de saisie du 10 novembre 2015 ayant son siège social à Paris.

Le principe de l'unicité du patrimoine doit amener à conclure que ces créances sont localisées au siège social de cette société tiers saisi. La nature régalienne des créances revendiquées n'a pas d'incidence sur l'application de cette règle, dès lors que leur protection internationale est assuré par les immunités étatiques. Ce moyen ne peut donc être accueilli.

- Sur l'Armp en tant qu'émanation de la république de Guinée :

Il appartient à la société Getma de démontrer que l'Armp est dépourvue d'autonomie structurelle, organique et décisionnelle par rapport à l'État guinéen et que du fait de l'absence de patrimoine distinct de celui de cet État il existe une confusion des patrimoines.

C'est par des motifs pertinents que la cour adopte, que le premier juge a estimé que l'Armp n'était pas une émanation de l'État débiteur. Il sera ajouté que le fait que le Président de la République soit l'autorité de tutelle est indifférent, une telle autorité n'entraînant pas, en soi, une absence d'autonomie de la structure sous tutelle, que six des neuf membres du conseil de régulation administrant l'Armp ne sont pas directement nommés par le Gouvernement et que si le directeur général est nommé par le Président de la République, ce directeur n'est responsable que devant le conseil de régulation. Par ailleurs, c'est en inversant la charge de la preuve que les appelants relèvent que l'Armp ne justifie pas de son indépendance financière. Il leur incombe en effet de démontrer que cette autorité se confond avec l'État de Guinée, de sorte que la société Getma serait fondée à exécuter son titre contre cette autorité. De plus, il importe peu que cette autorité ait un pouvoir de régulation ainsi qu'un pouvoir normatif, puisqu'ayant été instaurée précisément pour réguler les marchés publics.

Le jugement sera par conséquent confirmé en ce qu'il a ordonné mainlevée de la saisie sur les redevances dues à l'Armp, ces sommes ne constituant pas des créances de l'État de Guinée.

Sur les dommages-intérêts pour abus de saisie :

Le premier juge sera également confirmé sur ce point, la société Getma justifiant d'un titre exécutoire au vu duquel elle pouvait procéder aux saisies contestées, étant rappelé que la saisie entre les mains de la société Veolia a été partiellement validée.

Sur les autres demandes :

Au titre des frais exposés et non compris dans les dépens, les appelants seront condamnés au paiement de la somme de 5 000 euros.

### PAR CES MOTIFS

Dit n'y avoir lieu à jonction avec l'appel enregistré sous le RG 16/20427 ;

Reçoit en leur intervention volontaire la Selafa Mja, prise en la personne de M° Frédérique Levy, et la Scp Brouard-Daudé, prise en la personne de M° Xavier Brouard, ès qualités de liquidateurs judiciaires de la Sas Getma International ;

Confirme le jugement ;

Rejette toute autre demande ;

Condamne la Selafa Mja, prise en la personne de M° Frédérique Levy, et la Scp Brouard-Daudé, prise en la personne de M° Xavier Brouard, ès qualités de liquidateurs judiciaires de la Sas Getma International, à payer à la république de Guinée-Conakry, la somme de 5 000 euros en application de l'article 700 du code de procédure civile ;

Condamne la Selafa Mja, prise en la personne de M° Frédérique Levy, et la Scp Brouard-Daudé, prise en la personne de M° Xavier Brouard, ès qualités de liquidateurs judiciaires de la Sas Getma International aux dépens d'appel, qui pourront être recouvrés selon les dispositions de l'article 699 du code de procédure civile.

LE GREFFIER                                              LA PRÉSIDENTE