UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERIQUE LEVY AND XAVIER
BROUARD, AS LIQUIDATORS FOR
GETMA INTERNATIONAL, *et al.*,

*Petitioners*,

v.

REPUBLIC OF GUINEA,

*Respondent.*

No. 19-cv-2405 (DLF)

### MEMORANDUM OPINION

The liquidators of Getma International, Necotrans Holding, Getma International Investissements, and NCT Infrastructure & Logistique (together, the Getma Entities) bring this action seeking recognition and enforcement of an arbitration award entered by an international tribunal against the Republic of Guinea (Guinea). Petition, Dkt. 1. Guinea was served with a summons, complaint, and notice of suit, together with a translation of each into French, on September 2, 2019, and has failed to serve any responsive pleading within 60 days of service. *See* Entry of Default, Dkt. 12. Before the Court is the petitioners' Motion for Default Judgment. Mot. for Default J., Dkt. 13. For the reasons that follow, the Court will grant the motion.

I.   **BACKGROUND**

   A.   **The Convention**

The International Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 330 U.N.T.S. 3 (the Convention), is a "multilateral treaty aimed at encouraging and facilitating private foreign investment in

1

developing countries." *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 100 (2d Cir. 2017) (citing Anthony R. Parra, *The History of ICSID* 11–12, 24–26 (Oxford 2012)). The Convention provides a framework for adjudicating investor-state disputes and established the International Centre for Settlement of Investment Disputes (ICSID) to administer arbitral proceedings. Convention arts. 1–3, 25.

A contracting state or a national of another contracting state may request that ICSID convene an arbitral tribunal to consider the dispute and issue a written decision called an award. *Id.* art. 36, 48. All awards entered by ICSID under the Convention are binding on the parties. *Id.* art. 53. Significantly, ICSID is "not empowered to enforce awards." *TECO Guatemala Holdings, LLC v. Republic of Guatemala*, No. CV 17-102, 2018 WL 4705794, at *2 (D.D.C. Sept. 30, 2018). Contracting states are required to "recognize an award . . . as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." Convention art. 54.

The United States is a signatory to the Convention, *see* ICSID, *List of Contracting States and Other Signatories of the Convention* (*as of June 9, 2020*), and Congress has passed implementing legislation consistent with contracting states' obligation to recognize and enforce ICSID awards. 22 U.S.C. § 1650a(a–b) confers exclusive jurisdiction on the federal district courts to enforce awards and provides that an ICSID arbitration award "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a–b).

B.   **The Arbitration Proceedings**

In 2008, the Getma Entities contracted with the government of Guinea to extend and refurbish the Port of Conakry Container Terminal, in Conakry, Guinea. Petition ¶¶ 22–23. In

March 2011, following Guinea's election of new President Alpha Condé and his appointment of a new Transport Minister, Guinea issued two decrees attempting to cancel the contract with the Getma Entities and laying claim to "the personnel, facilities, real property and assets on the territory of the Republic of Guinea of the [Getma Entities and associated businesses] for a period of 60 days." *Id.* ¶¶ 24–25 (internal quotations omitted). In 2011, the Getma Entities commenced an arbitration proceeding under the Convention, charging Guinea with multiple breaches of its obligations under the Investment Code of the Republic of Guinea. Mot. for Default J. Ex. 1 (Final Award) ¶¶ 9, 105, Dkt. 13-3. The Getma Entities sought restitution of their investments, compensation plus interest, the legal fees and costs incurred in the arbitral proceedings, and any other appropriate relief. Final Award ¶ 105.

On December 29, 2012, a three-member ICSID arbitral tribunal declared that it had jurisdiction to rule on the effects of breaches of the Investment Code as it related to the Getma Entities. *Id.* ¶¶ 17–18. Subsequently, in November 2015, the tribunal conducted a hearing in Paris on the merits of the Getma Entities' claims. *Id.* ¶ 29. Both Guinea and the Getma Entities were represented by counsel and fully participated in that hearing. *Id.*

On August 16, 2016, the tribunal ruled in favor of the Getma Entities and found Guinea liable. *Id.* ¶¶ 379, 383, 388. In a 120-page decision, the Tribunal found that Guinea "violated Articles 5 and 6 of the Investment Code by the acts of the Public Authorities." *Id.* at 126. The Tribunal also found that Guinea's conduct with respect to the Getma Entities' investments "constitute[d] an illegal expropriation" and a "violation of the most basic standard of treatment under customary international law." *Id.* ¶¶ 379, 383, 388. The tribunal ordered Guinea to pay to the Getma Entities the following:

   a. $278,246.18 to indemnify the Getma Entities for the prejudice linked to crisis management,[1] *id.* ¶ 431, with interest capitalized annually accruing from March 8, 2011 until September 30, 2013 and from June 17, 2014 up to the date of effective full payment, *id.* ¶ 465;

   b. $223,640 to indemnify the Getma Entities for the prejudice linked to the non-restitution of a portion of certain requisitioned goods, *id.* at 126, with interest capitalized annually accruing from March 8, 2011 until September 30, 2013 and from June 17, 2014 up to the date of effective full payment, *id.* ¶ 465;

   c. $340,000 to compensate the Getma Entities for 40% of the cost of arbitration,[2] *id.* at 126.

According to the Getma Entities, Guinea has failed to pay any part of the final amount of the tribunal's award. Mot. for Default J. (Morris Decl.) ¶ 14, Dkt. 13-2.

**C.   Procedural History**

The Getma Entities commenced this action on August 8, 2019, requesting that this Court recognize the Award and enforce Guinea's pecuniary obligations under it. Petition ¶¶ 1–5. On September 2, 2019, the Getma Entities sent service of the summons, complaint and notice of suit, together with a translation of each into French, by DHL, to the head of the ministry of foreign affairs of the Republic of Guinea. Aff. in Supp. of Default, Dkt. 10. The return of service was filed by the Clerk of Court on September 11, 2019, *id.*, and on December 4, 2019, counsel for the Getma Entities filed an Affidavit in Support of Default certifying that Guinea was served via

---

[1] For the purposes of this opinion, all sums are denominated in U.S. Dollars, applying where relevant the Euro-to-U.S. Dollar currency exchange rate as of August 16, 2016, the date of the tribunal's final award.
[2] The tribunal ordered Guinea to pay 40% of the costs of arbitration.

DHL pursuant to the provisions of 28 U.S.C. § 1608(a)(2).  Aff. in Supp. of Default, Dkt. 11.  On December 11, 2019, the Clerk of the Court declared Guinea in default.  Entry of Default.  On December 13, 2019, the petitioners filed the instant Motion for Default Judgment.

## II.   LEGAL STANDARD

A plaintiff can obtain default judgment by "establish[ing] his claim or right to relief by evidence satisfactory to the court."  28 U.S.C. § 1608(e).  This standard "mirrors" Federal Rule of Civil Procedure 55(d), which governs default judgments against the U.S. government.  *Owens v. Republic of Sudan (Owens I),* 864 F.3d 751, 785 (D.C. Cir. 2017).  Though this requirement "provides foreign sovereigns a special protection" before a court reaches default judgment, *Jerez v. Republic of Cuba*, 775 F.3d 419, 423 (D.C. Cir. 2014), "neither Rule [55(d)] nor § 1608(e) relieves the sovereign from the duty to defend cases."  *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir. 1994) (citations omitted).

In fact, "[u]ncontroverted factual allegations that are supported by admissible evidence are taken as true."  *Warmbier v. Democratic People's Republic of Korea*, 356 F. Supp. 3d 30, 42 (D.D.C. 2018); *see also Bodoff v. Islamic Republic of Iran*, 424 F. Supp. 2d 74, 82 (D.D.C. 2006).  And default judgments under § 1608(e) may rely on the plaintiffs' affidavits and declarations and on public record evidence because so "long as the evidence itself is admissible" the uncontroverted evidence's "form or type is irrelevant . . . as to whether [the plaintiffs] have satisfied their burden of production."  *Owens I*, 864 F.3d at 788–89.

## III.  ANALYSIS

### A.   Subject Matter Jurisdiction

The Court has subject matter jurisdiction over these claims.  The FSIA provides the only "legal vehicle by which a plaintiff may bring suit against a foreign state," *Reed v. Islamic*

*Republic of Iran*, 845 F. Supp. 2d 204, 209 (D.D.C. 2012), and grants federal district courts subject matter jurisdiction over "any nonjury civil action against a foreign state . . . as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity," 28 U.S.C. § 1330(a).

These four conditions are present in this case. First, this is a nonjury civil action—"all federal appellate courts which have considered the issue . . . have held that jury trials are not available in suits brought under the [FSIA]." *Universal Consol. Cos., Inc. v. Bank of China*, 35 F.3d 243, 245 (6th Cir. 1994); *see also Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 65 (D.D.C. 2010). Second, Guinea is a foreign state. Third, this action is in personam because the Court will exercise "personal jurisdiction over the defendants as legal persons, rather than property." *Id.*

The remaining question is whether Guinea is entitled to immunity in this action. The Court "begins with a presumption of immunity" for foreign states, and U.S. courts lack subject matter jurisdiction over claims against foreign states unless certain exceptions under the FSIA apply. *See Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1183 (D.C. Cir. 2013); 28 U.S.C. § 1604. But "if a plaintiff satisfies his burden of production [that an exception to immunity applies] and the defendant fails to present any evidence in rebuttal, then jurisdiction attaches." *Owens I*, 864 F.3d at 784.

The relevant exception here is the arbitral award exception, which applies when a case is brought to "confirm an award made pursuant to [] an agreement to arbitrate" and the award is "governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards." 28 U.S.C. § 1605(a)(6). The "FSIA's immunity provisions do not shield a foreign sovereign from federal courts' exercise of

jurisdiction over a civil action to enforce an ICSID award"; on the contrary, the exception found in § 1605(a)(6) "allows such an action to proceed." *Mobil*, 863 F.3d at 104–05; *see also Blue Ridge Inv., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 83–85 (2d Cir. 2013).

The ICSID tribunal issued its award pursuant to the Convention, an international treaty to which France and Guinea were both contracting states. *See* ICSID, *List of Contracting States and Other Signatories of the Convention* (*as of June 9, 2020*). The Convention specifically calls for the recognition and enforcement of ICSID awards. *See* Convention art. 54. And the Convention is in force in the United States. *See* 17 U.S.T. 1270. As the Second Circuit has previously stated, "[t]o our knowledge, every court to consider whether awards issued pursuant to the ICSID Convention fall within the arbitral award exception to the FSIA has concluded that they do." *Blue Ridge*, 735 F.3d at 85; *see Mobil* 863 F.3d at 104–05. The Court reaches that same conclusion here. Accordingly, the Getma Entities' claims fall within the arbitral award exception and the Court has subject matter jurisdiction over them.

### B.   Personal Jurisdiction

To exercise personal jurisdiction over a foreign state under the FSIA, the court must have subject matter jurisdiction over the claims, and the foreign state must have been properly served. *See* 28 U.S.C § 1330(b). The FSIA enumerates four methods for serving foreign states, "in descending order of preference." *Valore*, 700 F. Supp. 2d at 69; *see* 28 U.S.C. § 1608(a). First, the foreign state may be served "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." 28 U.S.C. § 1608(a)(1). Second, it may be served "by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents." *Id.* § 1608(a)(2). Third, it may be served "by sending a copy of

7

the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." *Id.* § 1608(a)(3). And fourth, if none of the first three methods works, a plaintiff can serve the appropriate documents through the U.S. Department of State. *Id.* § 1608(a)(4). The D.C. Circuit has held that "foreign states are not persons protected by the Fifth Amendment," leaving no need to conduct a minimum contacts analysis before exercising personal jurisdiction. *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002) (internal quotation omitted).

The Court has personal jurisdiction over Guinea. As explained, this Court has subject matter jurisdiction over all claims presented here. And as for service, the first two methods enumerated in the FSIA were unavailable. The Getma Entities and Guinea do not have any "special arrangement for service." 28 U.S.C. § 1608(a)(1). And service under 28 U.S.C. § 1608(a)(2) could not be made in accordance with the Hague Convention because Guinea is not a signatory to the Hague Convention. *See* Hague Convention on the Service Abroad of Judicial and Extra–Judicial Documents in Civil or Commercial Matters, Nov. 15, 1965, art. 3, 20 U.S.T. 361, 658 U.N.T.S. 163. The third method of service under the FSIA requires "sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3). Here, petitioners sent a copy of the summons, complaint, and notice of suit, together with a translation of each into French, the official language of Guinea, via DHL to the head of the ministry of foreign affairs of Guinea.

Morris Decl. ¶¶ 9–12.  That method of service satisfies § 1608(a)(3).  *See Gates v. Syrian Arab Republic*, 646 F.3d 1, 4 (D.C. Cir. 2011).  Because Guinea was properly served under the FSIA, and because the Court has subject matter jurisdiction over the petitioners' suit for the reasons stated above, the Court also has personal jurisdiction over Guinea.

        **C.**      **Default Judgment on the Getma Entities' Claim**

The Getma Entities bring this action seeking enforcement of an arbitral award of $841,886.18 in U.S. Dollars, plus interest, issued by ICSID.  Petition ¶ 1.  A three-member ICSID arbitral tribunal issued the award on August 16, 2016, ruling in favor of the Getma Entities and finding Guinea liable.  Final Award ¶¶ 379, 383, 388.  Pursuant to 22 U.S.C. § 1650a, an ICSID award "shall create a right arising under a treaty of the United States," and the "pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."  22 U.S.C. § 1650a; *see also* Convention art. 53.  Therefore, § 1650a provides the Getma Entities with a cause of action in federal court to enforce Guinea's financial obligations to them and converts the ICSID tribunal's award into a federal judgment.  Indeed, "the language of § 1650a appears to envision no role for [the] Court beyond ensuring its own jurisdiction over this action and the validity of [petitioners'] entitlement to any unpaid claims under the Award."  *Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, No. CV 17-1457, 2018 WL 6605633, at *7 (D.D.C. Dec. 17, 2018).

Accordingly, in enforcing an award, "[t]he Court must ensure that it has subject-matter and personal jurisdiction, . . . must ensure that the award is authentic, . . . and must ensure that its enforcement order is consistent with the award."  *TECO Guatemala Holdings*, 414 F. Supp. 3d at 101; see *Mobil*, 863 F.3d at 112, 121; *Duke Energy Int'l Peru Invs. No.1 Ltd. v. Republic of*

*Peru*, 904 F. Supp. 2d 131, 132–33 (D.D.C. 2012).  As explained above, the Court has both personal and subject-matter jurisdiction to enter judgment against Guinea.  Thus, the Court need only consider whether the Getma Entities have provided sufficient evidence to show that they are entitled to the claimed amounts as the creditor of a final ICSID award.  *See Tidewater Inv. SRL*, 2018 WL 6605633, at *6.

In *Tidewater,* a foreign corporation and one of its subsidiaries filed a complaint seeking recognition and enforcement of an ICSID arbitration award against Venezuela.  *See id.* at *1.  The petitioners served Venezuela pursuant to 28 U.S.C. § 1608(a)(4), but Venezuela nevertheless failed to respond to the complaint or otherwise appear in the action within 60 days.  *Id.* at *1.  After determining that it had both personal and subject matter jurisdiction, the Court reviewed copies of the ICSID jurisdictional opinion, award, and later annulment decision and found them to constitute sufficient evidence of Tidewater's entitlement to any unpaid claims.  *Id.* at *7.  The Court concluded that "Tidewater has demonstrated to the Court's satisfaction that it is the proper creditor to a valid ICSID award against Venezuela" and that therefore "Tidewater has shown that it is entitled to the relief sought by satisfactory evidence and that default judgment is warranted."  *Id.*

The evidence here is likewise sufficient for the Getma Entities to show that they are entitled to the claimed amounts as the creditor of a final ICSID award under § 1650a.  Petitioners have provided the Court with copies of the tribunal's final award in both English and French.  *See* Final Award.  The Court finds no uncertainty in those documents as to the amount of Guinea's pecuniary obligations to the Getma Entities under the Award.  *Id.*  Further, the Getma Entities' counsel has represented in his declaration that Guinea has yet to pay any amount owed under the tribunal's award.  Morris Decl. ¶ 14.  Under these circumstances, the Court is

"*required* by statute to give [the ICSID tribunal's award] full faith and credit." *Duke Energy*, 904 F. Supp. 2d at 132–33 (emphasis in original) (citing 22 U.S.C. § 1650a). Accordingly, default judgment is warranted.

## CONCLUSION

For the foregoing reasons, the petitioners' motion for default judgment is granted. A separate order consistent with this decision accompanies this memorandum opinion.

July 10, 2020

DABNEY L. FRIEDRICH
United States District Judge